IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

SANFORD MASON                                                              PETITIONER

v.                                                                       No. 1:18-CV-131-SA-JMV

STATE OF MISSISSIPPI, ET AL.                                      RESPONDENTS

MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Sanford Mason for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved [13] to dismiss the petition for failure to state a claim upon which relief could be granted. The petitioner has not responded, and the deadline to do so has expired. The mater is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* must be dismissed for failure to state a claim upon which relief could be granted and as procedurally defaulted.

*Habeas Corpus Relief Under 28 U.S.C. § 2254*

The writ of *habeas corpus*, a challenge to the legal authority under which a person may be detained, is ancient. Duker, The English Origins of the Writ of Habeas Corpus: A Peculiar Path to Fame, 53 N.Y.U.L.Rev. 983 (1978); Glass, Historical Aspects of Habeas Corpus, 9 St. John's L.Rev. 55 (1934). It is "perhaps the most important writ known to the constitutional law of England," *Secretary of State for Home Affairs v. O'Brien*, A.C. 603, 609 (1923), and it is equally significant in the United States. Article I, § 9, of the Constitution ensures that the right of the writ of *habeas corpus* shall not be suspended, except when, in the case of rebellion or invasion, public safety may require it. *Habeas Corpus*, 20 Fed. Prac. & Proc. Deskbook § 56. Its use by the federal courts was authorized in Section 14 of the Judiciary Act of 1789. *Habeas corpus* principles developed over time in both English and American common law have since been codified:

> The statutory provisions on *habeas corpus* appear as sections 2241 to 2255 of the 1948 Judicial Code. The recodification of that year set out important procedural limitations and additional procedural changes were added in 1966. The scope of the writ, insofar as the statutory language is concerned, remained essentially the same, however, until 1996, when Congress enacted the Antiterrorism and Effective Death Penalty Act, placing severe restrictions on the issuance of the writ for state prisoners and setting out special, new *habeas corpus* procedures for capital cases. The changes made by the 1996 legislation are the end product of decades of debate about *habeas corpus*.

*Id*. Under 28 U.S.C. § 2254, a federal court may issue the writ when a person is held in violation of the *federal* Constitution or laws, permitting a federal court to order the discharge of any person held by a *state* in violation of the supreme law of the land. *Frank v. Mangum*, 237 U.S. 309, 311, 35 S. Ct. 582, 588, 59 L. Ed. 969 (1915).

*Facts and Procedural Posture*

In 1982, petitioner Sanford Mason was convicted of rape in the Oktibbeha County Circuit Court and sentenced to serve a term of life in the custody of the Mississippi Department of Corrections ("MDOC"), without parole as a habitual offender. *See* Exhibit A (Sentencing Order in Oktibbeha County Circuit Court Cause Number 10-373). On direct appeal, the Mississippi Supreme Court affirmed Mason's conviction and life sentence. *Mason v. State*, 440 So. 2d 318 (Miss. 1983) (Cause No. 2003-KA-01203).

On February 8, 2013, Mason filed an Application for Leave to Proceed in the Trial Court with a motion for DNA testing, which was docketed in Mississippi Supreme Court Cause Number 2013-M-00253. *See* Exhibit C.[1] In his motion, brought pursuant to the Mississippi Uniform Post-Conviction Relief Act, MISS. CODE ANN. § 99-39-5(1)(f), Mason sought DNA testing of certain biological evidence, which he believed was available. *See* Exhibit C. Specifically, he requested that DNA testing be performed on a rape kit collected during the investigation of his case. *See id*.

---

[1] The exhibits referenced in the instant memorandum opinion may be found attached to the State's motion to dismiss.

On June 7, 2013, the Mississippi Supreme Court granted Mason's Application for Leave to Proceed in the Trial Court with his petition for post-conviction relief seeking DNA testing. *See* Exhibit D. Mason filed a copy of his petition in the Oktibbeha County Circuit Court, and the Circuit Court appointed counsel to represent him in his post-conviction proceeding. *See* State Court Record ("SCR"), Cause No. 2017-CP-00415-COA, Vol. 1, p. 25. Mason's appointed counsel advised the circuit court that she had searched diligently for a rape kit and other physical evidence related to Mason's case to allow for DNA testing, but was unsuccessful. *See id.* at 64-105. On February 6, 2015, the circuit court held a hearing with Mason present, at which the Oktibbeha County Circuit Clerk, an investigator for District Attorney's Office, a witness from the City of Starkville Police Department, and a former Oktibbeha County Circuit Clerk all testified that they, along with Mason's attorney, conducted a full and complete investigation for physical evidence related to Mason's case; however, despite their efforts, they were unable to locate any such evidence. *See id.* Specifically, the former Oktibbeha County Circuit Clerk testified that, sometime after 1989, probably closer to 2000, significant flooding occurred in the county courthouse – raw sewage spilled from a bathroom in the tax assessor's office, over into an exhibit storage room located below. *See id.* at 81-87. This significant flooding of raw sewage destroyed or ruined approximately twenty-five percent of the items stored in the exhibit room, to the point that such was unsalvageable. *See id.* The former clerk testified that, based on her contemporaneous handwritten notes, she believed that the physical evidence from Mason's case was destroyed as a result of the flooding of raw sewage. *See id.* During the hearing, both Mason and his counsel acknowledged that there was no proof that any of the evidence had been intentionally destroyed. *See id.* at 92, 95-96. Mason's counsel further acknowledged that there was no evidence of negligence of the parties, the Circuit Clerk, or anyone else. *See id.* at 92. Mason agreed that his appointed counsel had exhausted her efforts in

searching for the evidence. *See id.* at 99. Mason's counsel advised the court that she could not file a petition for post-conviction relief under Mississippi Code Annotation section 99-39-5(1)(f) "because the evidence does not exist." *Id.* at 92. The court determined that, based on the information provided at the hearing, there was no evidence to be examined, no showing that the State purposefully destroyed evidence, nor a showing that the Circuit Clerk's Office was negligent in its handling of the destroyed evidence. *Id.* at 93.

On February 10, 2017, the circuit court entered an Order closing the case. *See* Exhibit E. In its Order, the circuit court found that: (1) no physical evidence remained in this case to be tested because of its apparent physical destruction; (2) the destruction was not an intentional act of any party, but due to the flooding of raw sewage into the storage area where such evidence would be normally be secured, making any attempt at preservation impossible; and (3) there was no physical evidence to be subjected to testing, so Mason's post-conviction petition was moot, as there was no relief to be sought or which could be granted. *See* Exhibit E.

Mason appealed the circuit court's Order, contending that the destruction of the rape kit and other evidence collected during the investigation of his case violated his right to due process.[2] *See* SCR, Cause No. 2017-CP-00415-COA, Briefs of the Parties, Appellant's Brief. On May 22, 2018, the Mississippi Court of Appeals affirmed the trial court's ruling that Mason was not entitled to post-

---

[2] Mr. Mason also mailed a partial, four-page copy of his previously filed Application for Leave to Proceed in the Trial Court to the Mississippi Supreme Court, which was stamped as "filed" on March 23, 2017, in Mississippi Supreme Court Cause No. 2013-M-00253. *See* SCR, Cause No. 2013-M-00253, Application for Leave to Proceed in the Trial Court. Meanwhile, on May 9, 2017, the Mississippi Court of Appeals entered an Order dismissing Mason's appeal in Cause No. 2017-TS-00415-COA as untimely. *See* SCR, Cause No. 2017-TS-00415-COA, Order entered on May 9, 2017. On May 17, 2017, the Mississippi Supreme Court entered an Order finding that the court had granted similar relief to Mason by Order entered in June 2013, and that Mason's application filed on March 23, 2017, should be dismissed. *See* SCR, Cause No. 2013-M-00253, Order entered on May 17, 2017. On June 21, 2017, the Mississippi Court of Appeals entered an Order reinstating Mason's appeal in Cause No. 2017-TS-00415. *See* Cause No. 2017-TS-00415-COA, Order entered on June 21, 2017.

conviction relief in a published opinion. *See* Exhibit F. *Mason v. State*, 247 So. 3d 362 (Miss. Ct. App. 2018) (Cause No. 2017-CP-00415-COA). The Mississippi Court of Appeals held that there was no evidence to establish that the State's destruction of the physical evidence in Mason's rape case was in bad faith, as required.[3] *Id*. at 364 (citing *Chapman v. State*, 47 So. 3d 203, 209 ¶ 22 (Miss. Ct. App. 2010), *cert. denied*, 63 So. 3d 1229 (Miss. 2011), and *Ariz. v. Youngblood*, 488 U.S. 51, 58 (1988) ("[U]nless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law.")).[4] The record reflects that Mason failed to seek rehearing and, in turn, *certiorari* review in the State's highest court.

On July 3, 2018, Mason filed the instant petition for writ of *habeas corpus* and memorandum in support, raising the sole claim of "spoliation," alleging the "destruction of biological evidence." ECF Doc. 1 at 5. Mason alleges that, "if the evidence from the rape kit had not been destroyed it could have been tested through D.N.A. procedure[,] and [the] results of testing could have exonerated Petitioner." *Id*. In support of his spoliation claim, Mason asserts "[t]he negligent act of the security personnell [sic]" charged with "keeping rape kit samples secured cause[d] Petitioner Mason to still be incarcerated in the

---

[3] In its opinion affirming the trial court's denial of post-conviction relief, the Mississippi Court of Appeals noted as follows:

> The record indicates that Mason was placed at the crime scene based on two latent palm prints, one found near the perpetrator's point of entry into the victim's home and the other found on an air conditioning unit outside the victim's bedroom window. A rape kit was collected from the victim at the time of the crime. The record indicates that testing of the rape kit revealed the presence of acid phosphatase, an enzyme found in seminal fluid, and intact spermatozoa; however, the stain collected was, in 1982, an amount insufficient for further testing. Contemporaneous testing of various other physical evidence showed only that the perpetrator had type A blood, like Mason.

*Mason*, 247 So. 3d at 363.

[4] As the Mississippi Court of Appeals explained, while the legislature had enacted procedures and requirements requiring the preservation of DNA evidence, the law was not enacted until 2009. *Mason*, 247 So. 3d at 363 (citing *Chapman*, 47 So. 3d at 205 and MISS. CODE ANN. § 99-49-1). Thus, the Mississippi Court of Appeals determined that, because the law was not enacted until 2009, years after the evidence had been destroyed, "the 2009 law 'has no application here.'" *Mason*, 247 So. 3d at 363 (citing *Chapman*, 47 So. 3d at 205).

State Penitentiary." *Id*. In his prayer for relief, Mason requests "[t]hat evidence be produced for D.N.A. testing or," alternatively, that he be retried, and for any other relief that this Court deems proper. *Id*. at 14.

## *Failure to State a Constitutional Claim*

To the extent that Mr. Mason ultimately seeks DNA testing in his request for relief, the instant petition should be dismissed for failure to state a constitutional claim. *See* ECF Doc. 1 at 14. Mr. Mason filed the instant petition under 28 U.S.C. § 2254, which provides, in relevant part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody *in violation of the Constitution or laws or treaties of the United States.*

28 U.S.C. § 2254(a) (emphasis added). Thus, to maintain a petition for a writ of *habeas corpus*, a petitioner must be deprived of some right secured to him by the Constitution or the laws of the United States. *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984); *Baker v. McCollan*, 443 U.S. 137 (1979); *Trussell v. Estelle*, 699 F.2d 256, 259 (5th Cir. 1983). In the event that the petitioner has not alleged a deprivation of any such right, he has failed to state a claim for *habeas* relief, and his claim must be dismissed. *Irving, supra* at 1216.

Moreover, the question as to whether or not Mason is entitled to DNA testing is solely a question of state law and not of constitutional magnitude. Any right Mr. Mason may have regarding post-conviction DNA testing arises solely under Mississippi law and does not implicate a federal constitutional issue. *See Johnson v. Thaler*, 2010 WL 2671575 (S.D. Tex. June 30, 2010) (citing *Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999)). Mississippi's post-conviction statutes have created a right to post-conviction DNA testing available to a criminal defendant, if the movant claims:

> [t]hat there exists biological evidence secured in relation to the investigation or prosecution attendant to the petitioner's conviction not tested, or, if previously tested, that can be subjected to additional DNA testing, that would provide a reasonable likelihood of more probative results, and that testing would demonstrate by reasonable probability that the petitioner would not have been convicted or would have received a lesser sentence if favorable results had been obtained through such forensic DNA testing at the time of the original prosecution.

MISS. CODE ANN. § 99-39-5(1)(f). Though Mississippi has created a statutory right to DNA testing in certain circumstances, there is no freestanding right to post-conviction DNA testing under the United States Constitution. *Dist. Atty's Office for the Third Judicial Dist. v. Osborne*, 557 U.S. 52, 72-74 (2009). Further, a federal *habeas corpus* petitioner possesses no right to collaterally challenge a state-court's application of its statute governing DNA testing. *Skinner v. Switzer*, 526 U.S. 521, 533-34 (2011) (noting that *habeas corpus* is not an available remedy where relief sought is not earlier release from custody and concluding that a convicted state prisoner may press a procedural due process claim concerning access to DNA testing under 42 U.S.C. § 1983).[5]

Mason has failed to raise a cognizable issue in this federal *habeas corpus* proceeding, in which he ultimately seeks DNA testing, as any right he possesses to DNA testing arises solely under Mississippi law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (holding that "it is not the province of a federal *habeas* court to reexamine state-court determinations on state-law questions," as "[i]n conducting a federal *habeas* review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").[6] Thus, to the extent that Mason seeks DNA

---

[5] While a request for DNA testing may entitle a prisoner to a cause of action under 42 U.S.C. § 1983, if he can show that the Mississippi statute, as applied, violated his constitutional rights, the United States Supreme Court has noted that a federal action for DNA testing by a state prisoner is "severely limit[ed] and requires the plaintiff "to show that the governing state law denies him procedural due process" to prevail on his claim. *Skinner*, 562 U.S. at 524-25; *see also Garcia v. Castillo*, 431 F. App'x 350, 353 (5th Cir. 2011) (applying *Skinner, supra*).

[6] This conclusion holds true even if the state courts erred in their application of the DNA statute to a movant's case, as "mere errors of state law" fail to raise a due process issue. *Engle v. Isaac,* 465 U.S. 107, 121 and n.21 (1982).

testing of evidence in his request for relief in the instant petition, he has not stated a constitutional claim for *habeas corpus* review.

## *Mr. Mason's Claims Are Moot*

As the State courts found, the evidence Mr. Mason seeks to have tested no longer exists, as it was destroyed in a raw sewage flooding event at the Oktibbeha County Circuit Court. As it is now impossible to conduct the testing Mr. Mason as requested, the instant petition for a writ of *habeas corpus* is now moot.

## *The Doctrines of Procedural Default and Procedural Bar*

If an inmate seeking *habeas corpus* relief fails to exhaust an issue in state court – and no more avenues exist to do so – under the doctrine of *procedural default* that issue cannot be raised in a federal *habeas corpus* proceeding. *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995). Similarly, federal courts have no jurisdiction to review a *habeas corpus* claim "if the last state court to consider that claim expressly relied on a state ground for denial of relief that is both independent of the merits of the federal claim and an adequate basis for the court's decision." *Roberts v. Thaler*, 681 F.3d 597, 604 (5th Cir. 2012). Thus, a federal court may not consider a *habeas corpus* claim when, "(1) a state court [has] declined to address [those] claims because the prisoner [has] failed to meet a state procedural requirement, and (2) the state judgment rests on independent and adequate state procedural grounds." *Maples v. Thomas*, ––– U.S. –––, 132 S.Ct. 912, 922, 181 L.Ed.2d 807 (2012) (alterations in original) (internal quotation marks omitted). This doctrine is known as *procedural bar*.

A state procedural rule is "independent" when the state law ground for decision is not "interwoven with the federal law." *Michigan v. Long*, 463 U.S. 1032, 1040, 103 S. Ct. 3469, 77 L.

Ed. 2d 1201 (1983). A state law ground is interwoven with federal law if "the state has made application of the procedural bar depend on an antecedent ruling on federal law [such as] the determination of whether federal constitutional error has been committed." *Ake v. Oklahoma*, 470 U.S. 68, 75, 105 S. Ct. 1087, 84 L. Ed. 2d 53 (1985); *see also* State court decision must not be interwoven with federal law, Federal Habeas Manual § 9B:24.

To determine the adequacy of the state procedural bar, this court must examine whether the state's highest court "has strictly or regularly applied it." *Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997) (*citing Lott v. Hargett*, 80 F.3d 161, 165 (5th Cir. 1996)). The petitioner, however, "bears the burden of showing that the state did not strictly or regularly follow a procedural bar around the time of his appeal" – and "must demonstrate that the state has failed to apply the procedural bar rule to claims identical or similar to those raised by the petitioner himself." *Id*.

*Cause and Prejudice – and Fundamental Miscarriage of Justice –*
*As Ways to Overcome Procedural Bar*

Whether a petitioner's claims are procedurally defaulted or procedurally barred, the way he may overcome these barriers is the same. First he can overcome the procedural default or bar by showing cause for it – and actual prejudice from its application. To show cause, a petitioner must prove that an external impediment (one that could not be attributed to him) existed to prevent him from raising and discussing the claims as grounds for relief in state court. *See United States v. Flores*, 981 F.2d 231 (5th Cir. 1993). To establish prejudice, a petitioner must show that, but for the alleged error, the outcome of the proceeding would have been different. *Pickney v. Cain*, 337 F.3d 542 (5th Cir. 2003). Even if a petitioner fails to establish cause for his default and prejudice from its application, he may still overcome a procedural default or bar by showing that application

of the bar would result in a fundamental miscarriage of justice. To show that such a miscarriage of justice would occur, a petitioner must prove that, "as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson,* 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain,* 53 F.3d 106, 108 (5th Cir. 1995)). Further, he must support his allegations with new, reliable evidence – that was not presented at trial – and must show that it was "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Fairman,* 188 F.3d at 644 (citations omitted).

Mr. Mason's petition raising the sole claim of "spoliation of evidence" should be dismissed with prejudice for Mason's procedural default in failing to fully exhaust state court remedies. The claim Mr. Mason presented in the instant petition has never been presented to the State's highest court in a procedurally proper manner. As set forth above, the Mississippi Supreme Court granted Mason's request to seek post-conviction relief in the circuit court. *See* Exhibit D. After holding a hearing at which Mason was present, the Oktibbeha County Circuit Court found that Mason's petition was moot because there was no physical evidence to be subjected to testing, and, as such, there was no relief to be sought or which could be granted. *See* Exhibit E. The Mississippi Court of Appeals affirmed the Oktibbeha County Circuit Court's ruling; however, as explained above, Mr. Mason did not seek rehearing and, in turn, *certiorari* review in the State's highest court. Thus, Mr. Mason's ability to exhaust Ground One of the instant petition is no longer available, as the time for filing such a petition for discretionary review has long passed. *See* Miss. R. App. P. 40 and Miss. R. App. P. 17(b).

Therefore, because Mason failed to exhaust the sole issue raised in his federal *habeas* petition in the State's highest court – and no other avenues exist to do so – under the doctrine of procedural default, Mason cannot raise this issue in a federal *habeas* proceeding, and his petition should be

dismissed with prejudice. *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995); *see also O'Sullivan v. Boerckel*, 526 U.S. 838 (1999) (citing *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)).

Mr. Mason has not shown "cause" for failing to advance his claims to the Mississippi Supreme Court. Hence, he has not satisfied the "cause and prejudice" test necessary to allow the court to reach the merits of his claims despite the procedural bar – because he has not demonstrated that an external impediment existed to prevent him from properly and timely advancing his claim to the Mississippi Supreme Court. *See United States v. Flores*, 981 F.2d 231 (5th Cir. 1993). In the absence of a showing of "cause," the court need not consider whether actual prejudice exists in Mason's case. *Martin v. Maxey*, 98 F.3d 844, 849 (5th Cir. 1996).

In addition, there will be no "fundamental miscarriage of justice" if the court does not hear Mason's claim on the merits. *See Martin*, 98 F.3d at 849 (citing *Sawyer v. Whitley*, 505 U.S. 333 (1992)). The "fundamental miscarriage of justice" exception is confined to cases of actual innocence, "where the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). To establish his actual innocence, Mr. Mason must support his allegations with new, reliable evidence that was not presented at trial and must show that it was "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Fairman*, 188 F.3d at 644 (citations omitted). Mr. Mason has not provided any new, reliable evidence; therefore, he has not established that a fundamental miscarriage of justice will result if his claim is not considered on the merits. As such, Mr. Mason is not entitled to relief as to his claim raised in the instant federal petition for a writ of *habeas corpus*, and the instant petition should also be dismissed with prejudice as procedurally defaulted.

*Conclusion*

For the reasons set forth above, the State's motion to dismiss instant petition for a writ of *habeas corpus* will be granted, and the instant petition will be dismissed with prejudice for failure to state a claim upon which relief could be granted and as procedurally defaulted. A final judgment consistent with this memorandum opinion will issue today.

SO ORDERED, this, the 5th day of March, 2019.

/s/ Sharion Aycock
U. S. DISTRICT JUDGE